| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Prosource Management Solutions, §
§
        Plaintiff, §
§
versus §      Civil Action H-09-3579
§
Aetna Life Insurance Co., §
§
        Defendant. §

## Opinion on Dismissal

1. *Introduction.*

An insurer timely notified a policyholder of a rate increase. In its notice, the insurer "reserved the right" to alter its offer based on its analysis of the holder's corporate structure. When the holder could not reduce the rate to its liking by negotiating, it sued the insurer for defective notice. Because it has manufactured a claim from a contrived reading of Texas law and because it was not harmed, its case will be dismissed.

2. *Background.*

Prosource Management Solutions is a staff-leasing company. It contracted with Aetna Life Insurance Company for group health insurance. Coverage began on November 1, 2008, and renewed annually unless cancelled.

On August 31, 2009, Aetna wrote to Prosource offering a renewal rate at a 46% premium increase. This offer assumed that Prosource was qualified to be insured as one large employer. Aetna contemplated that as a staff-supplier, some of Prosource's clients might have fewer than 51 employees, triggering the application of a small-group regulation. Aetna "reserved the right" to alter or revoke the renewal if it determined that small-group status applied. It also repeated an earlier request for census data from Prosource to resolve the small-group question.

Prosource did not object to the notice's reservation. It negotiated with Aetna, reducing the increase from 46% to 41%.

When Aetna would not continue reducing the offered premium, Prosource tried negotiation-by-extortion. On October 7, 2009, Prosource's attorney wrote Aetna, saying that Aetna's renewal did not really give it sixty-days notice because Aetna had "reserved the right" to alter the rate. Aetna replied on October 12, saying that its renewal complied with state law. Prosource responded by paying the premium at the old rate and suing Aetna in state court. After Aetna removed the suit, Prosource deposited the difference in the court's registry.

Prosource wants the court to enjoin Aetna from (1) raising rates until it notifies Prosource properly and (2) cancelling the policy for Prosource's failure to pay the increase; additionally, it wants a declaration that Aetna's notice violated the Texas Insurance Code. Strangely, it also said that failure to comply with the code is a breach of contract, and it wants its actual damages, interest, and attorneys fees.

3. *No Harm.*

Texas law requires an insurer to notify a policyholder at least sixty days before a rate increase. Tex. Ins. Code Ann. §§ 1254.001(b) (2009). Aetna notified Prosource on August 31 of a rate increase of 46% for a policy-year starting November 1; that is sixty-two days in advance. Prosource says that the reservation made Aetna's offer conditional because Aetna could change it less than sixty days before November 1.

The reservation was never activated. Aetna did not adjust its rate higher. It did lower the rate after generally negotiating with Prosource – a change that was for Prosource's benefit and expressly permitted by Texas law. The notice requirement does not prevent "... an insurer ... at the request of a policyholder ... from negotiating a change in benefits or rates after delivery of the notice...." Tex. Ins. Code Ann. §§ 1254.001(f) (2009).

Prosource cannot sue Aetna for a hypothetical harm. Aetna has performed its part of the contract and has complied with state law. Prosource's suit will be dismissed.

It is axiomatic that if there is no harm at all, there can be no imminent harm. Prosource's application for an injunction fails.

4. *No Irreparable Injury.*

Even if Prosource had a sound legal theory with facts to support it, its injury would be overpayment, and that is not irreparable. Aetna could refund the money or apply it to the remaining monthly payments. An injunction is not the remedy for a problem that could be solved with a check. Again, Prosource's application for an injunction fails.

5. *Conclusion.*

Prosource is one suit shy of a pattern of frivolous litigation against insurance companies. It tried to enjoin Aetna's predecessor from cancelling coverage and raising rates in September of 2008. One year later, it is back in court with another policy and a different tenuous insurance code violation. Not only is its strategy bad lawyering, it is bad business. A reputation as a vexatious litigant is quickly earned and difficult to ameliorate.

Because Prosource Management Solutions has no harm from a reservation that Aetna Life Insurance Company never activated, its case will be dismissed for failure to state a claim. Having no harm at all, and none that would be irreparable if existent, its application to enjoin Aetna from raising its premium is denied.

Attorney's fees will be assessed post-judgment.


Signed on January 19, 2010, at Houston, Texas.


Lynn N. Hughes
United States District Judge